E-FILED
Wednesday, 30 April, 2025  03:35:17 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| TINA OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-01170 |
| | ) | |
| v. | ) | |
| | ) | |
| WINGMEN V, LLC. (d/b/a BUFFALO WILD WINGS), | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

**NOW COMES** TINA OLIVER ("Plaintiff"), by and through her undersigned counsel, complaining of WINGMEN V, LLC. (d/b/a BUFFALO WILD WINGS) ("Defendant") as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. Plaintiff brings this action seeking redress for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. §2000e *et seq.*, as a result of Defendant unlawfully discriminating against Plaintiff on the basis of her sex (female) and pregnancy and for retaliation for her engagement in protected activity.

2. This action further arises under the Pregnancy Workers Fairness Act, 42 U.S.C. §2000gg *et seq.* as amended, ("PWFA") for pregnancy-based discrimination, a failure to accommodate Plaintiff's pregnancy, and retaliation.

**JURISDICTION AND VENUE**

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as Title VII

the PDA, and PWFA are federal statutes.

4.    Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b)(2) as the events giving rise to Plaintiff's claims occurred within this judicial district.

## ADMINISTRATIVE PREREQUISITES

5.    All conditions precedent have been satisfied.

6.    Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). *See* attached Exhibit A.

7.    Plaintiff received a Notice of Right to Sue from the EEOC and Plaintiff filed this action within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue. *See* attached Exhibit B.

## THE PARTIES

8.    Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Peoria, Illinois.

9.    Defendant is a limited liability company who owns and operates restaurant chains around the United States.

10.   Defendant maintains a principal place of business in Peoria, Illinois.

11.   Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

12.   At all times relevant, Defendant had at least fifteen employees, was an "employer" as defined by Title VII, and was engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

13.   Plaintiff was employed by Defendant as a General Manager from on or around

2

February 1, 2019, until she was unlawfully terminated on March 4, 2025.

14.     Plaintiff, as a female undergoing in vitro fertilization (IVF) in an attempt to become pregnant, is a member of a protected class or classes.

15.     As a General Manager, Plaintiff's job duties included, but were not limited to, the following:

- Leading the management team;
- Ensuring compliance with employment laws and company policies;
- Providing feedback and recognition; and
- Implementing and executing company-specified training.

16.     During Plaintiff's employment, Defendant subjected Plaintiff to different terms and conditions of employment than others not within her protected class (non-pregnant females).

17.     In or around August 2023, Defendant's Director of Operations for the Midwest, Leah Collins, inquired during a one-on-one conversation whether Plaintiff had children and whether she planned to start a family, referencing Plaintiff's upcoming marriage.

18.     Ms. Collins's demeanor conveyed disapproval when Plaintiff responded that she and her partner were "just going to see what happens."

19.     In or around June 2024, Plaintiff informed her District Manager, Mike Cirrincione, that she was planning to undergo IVF treatment and that she had taken on additional bartending shifts outside of work to help afford the costs associated with the procedure.

20.     Mr. Cirrincione raised no objections at that time.

21.     Shortly after Plaintiff disclosed her plans to pursue IVF, Defendant hired and placed a "bench" General Manager at Plaintiff's store—a move that indicated Defendant was preparing a replacement.

22.     Plaintiff's initial IVF cycle was scheduled to begin in or around October 2024, but it was delayed.

3

23. After informing Defendant of the delay, Defendant dispatched the bench General Manager to Plaintiff's store.

24. When the IVF cycle was rescheduled for March 2025, Plaintiff again informed management and requested leave to attend necessary medical appointments.

25. On or about February 2025, Plaintiff notified her District Manager that she would need to take off a day during the following week to travel to Chicago for a medical appointment related to her IVF treatment.

26. Plaintiff requested to use sick leave, and the request was approved.

27. On or about March 3, 2025, just days before the start of Plaintiff's IVF cycle, Plaintiff was abruptly accused of working as a manager at another establishment.

28. This accusation was false and pretextual.

29. Plaintiff had picked up occasional bartending shifts, which she had disclosed months earlier without objection, and she was never employed in a managerial capacity elsewhere.

30. On or about March 4, 2025, Plaintiff was placed on an indefinite suspension without explanation.

31. She contacted Defendant three times via email to clarify the allegations, but her communications went ignored.

32. On or about March 10, 2025, Defendant formally terminated Plaintiff's employment.

33. During a phone call with Human Resources, Plaintiff was told that she was being terminated for allegedly violating FLSA regulations by receiving tips while working as a manager.

34. This rationale was pretextual, Plaintiff was not part of any tip pool, was not a manager at the other establishment, and simply filled in for absent staff to earn additional income

for fertility treatment expenses.

35. Defendant's actions, occurring within days of Plaintiff asserting her need for fertility-related medical leave, demonstrate that its true motivation was hostility toward Plaintiff's decision to undergo IVF and begin a family.

36. Defendant discriminated against Plaintiff on the basis of her sex (female), pregnancy, and related medical condition (IVF).

37. Defendant also failed to provide reasonable accommodations related to Plaintiff's IVF treatment and instead retaliated against her for requesting medical leave.

38. At all times relevant, Plaintiff met or exceeded Defendants' performance expectations.

## DAMAGES

39. As a result of Defendant's conduct, Plaintiff suffered damages, including: loss of employment, loss of income, loss of employment benefits, mental anguish, financial distress, emotional distress, humiliation, and loss of enjoyment of life.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Pregnancy-Based Discrimination)

40. Plaintiff repeats and re-alleges paragraphs above as if fully stated herein.

41. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's fertility-related medical needs, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

42. Plaintiff met or exceeded performance expectations.

43. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

44.     Defendant terminated Plaintiff's employment on the basis of Plaintiff's fertility-related medical needs.

45.     Plaintiff is a member of a protected class under Title VII, due to Plaintiff's fertility-related medical needs.

46.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

47.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of the Pregnant Workers Fairness Act**
**(Pregnancy-Based Discrimination)**

48.     Plaintiff repeats and re-alleges paragraphs above as if fully stated herein.

49.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's fertility-related medical needs in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*. as adopted by the Pregnant Workers Fairness Act, 42 U.S.C. §2000gg(7).

50.     In pertinent part, the PWFA states,

It shall be an unlawful employment practice for a covered entity to—

(4) require a qualified employee to take leave, whether paid or unpaid, if another reasonable accommodation can be provided to the known limitations related to the pregnancy, childbirth, or related medical conditions of the qualified employee… (PWFA, 42 U.S.C. §2000gg-1(4)).

51.     Plaintiff met or exceeded performance expectations.

52.     Plaintiff was treated less favorably than similarly situated employees outside of

6

Plaintiff's protected class.

53. Plaintiff is a member of a protected class under the PWFA, due to Plaintiff's fertility-related medical conditions.

54. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

55. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
**Violation of the Pregnant Workers Fairness Act**
**(Failure to Accommodate)**

56. Plaintiff repeats and re-alleges paragraphs above as if fully stated herein.

57. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's pregnancy-related medical conditions in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*. as adopted by the Pregnant Workers Fairness Act, 42 U.S.C. §2000gg(7).

58. Plaintiff was a qualified employee under the Pregnant Workers Fairness Act, 42 U.S.C. §2000gg(6)(A-C).

59. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

60. Plaintiff's reasonable accommodations that were requested was not an undue burden on Defendant.

61. Defendant did not accommodate Plaintiff's fertility-related medical needs.

62. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

63. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of Title VII of the Civil Rights Act of 1964
### (Retaliation)

64. Plaintiff repeats and re-alleges paragraphs above as if fully stated herein.

65. Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq.*

66. During Plaintiff's employment with Defendant, Plaintiff reasonably requested accommodation to Defendant about conduct that constituted sex discrimination and/or sex-based harassment.

67. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

68. Plaintiff suffered adverse employment action in retaliation for engaging in a protected activity.

69. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's engagement in protected activity, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

70. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

71. As a direct and proximate result of the above-alleged willful and/or reckless acts

8

of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**COUNT V**
**Violation of the Pregnancy Workers Fairness Act**
**(Retaliation)**

72.    Plaintiff repeats and re-alleges paragraphs above as if fully stated herein.

73.    Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq.* as adopted by the Pregnant Workers Fairness Act, 42 U.S.C. §2000gg(7).

74.    During Plaintiff's employment with Defendant, Plaintiff requested and attempted to utilize accommodations for her fertility-related medical conditions.

75.    As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Pregnant Workers Fairness Act, 42 U.S.C. §2000gg-1(5), *et seq*.

76.    Defendant took adverse action in terms, conditions, and/or privilege of Plaintiff's employment on account of her requesting or using a reasonable accommodation to the known limitations related to the pregnancy.

77.    By virtue of the foregoing, Defendant retaliated against Plaintiff, thereby violating the Pregnant Workers Fairness Act, 42 U.S.C. §2000gg(7).

78.    Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

79.    Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

80.    As a direct and proximate result of the retaliation described above, Plaintiff has

suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests the following relief:

a.   A judgment in favor of Plaintiff and against Defendants;

b.   Back pay with interest;

c.   Front pay;

d.   Compensatory and punitive damages;

e.   Reasonable attorney's fees and costs;

f.   Pre-judgment interest if applicable; and

g.   Any further relief as the Court deems just and proper

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: April 30, 2025.                                    Respectfully submitted,

/s/ *Peyton M. Paschke, Esq.*
Peyton M. Paschke, Esq.
IL Bar No.: 62587
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 581-5450
ppaschke@sulaimanlaw.com
*Attorney for Plaintiff*

10